UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANNY LEE WILLIAMS,                )
                                   )
    Petitioner,                )    3:07-cv-00514-LRH-VPC
                                   )
vs.                                )    **ORDER**
                                   )
E.K. MCDANIELS, *et. al.*,         )
                                   )
    Respondents.               )
_____/

Danny Lee Williams has submitted an application for leave to proceed *in forma pauperis* (docket #1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (attached at docket #1).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status.  He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition.  The petition will be filed, docketed, and served upon the respondents.  However, respondents will not be required to answer the petition at this point, because it appears from the petition that it was submitted outside the applicable limitations period.  The petition is likely subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).  The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on August 25, 1999.  Petitioner's direct appeal became final on August 18, 2000.  The time period for filing a federal habeas petition was tolled until August 18, 2000.  Petitioner filed a state habeas corpus action on November 30, 2000, and review of that petition concluded on May 18, 2005.  The time period between August 18, 2000 and November 30, 2000, or 104 days, was not tolled  The time period between filing the state petition and conclusion of review of that petition would be tolled.  However, the limitations period began to run again on May 18, 2005, and petitioner had 265 days to file his petition.  The instant federal habeas petition was mailed on October 22, 2007.  The petition was filed beyond the one-year time limitation contained in the statute.

Petitioner previously filed a petition for writ of habeas corpus with this court.[1]  This court dismissed the habeas action without prejudice on May 11, 2007 as the petitioner failed to advise the court whether he wanted to abandon his unexhausted claims.  The filing of that first federal habeas petition did not stop the running of the federal one-year limitation period for the second petition.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Furthermore, a second habeas corpus does not relate back to an original federal petition that was dismissed  without prejudice for failure to exhaust state remedies for purposes of the one-year statute of limitations.  *Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance made it impossible to file a timely petition.  *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner will be given the opportunity to show that either the instant petition was filed within the

---

[1] 3:06-cv-0112-ECR-VPC.

one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

Petitioner also submitted a motion for appointment of counsel (attached at docket #1). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is sufficiently clear and the claims raised are not complex. It does not appear that counsel is justified in this instance. The motion shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's application for leave to proceed *forma pauperis* is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** the petition for writ of habeas corpus (attached at docket #1).

**IT IS FURTHER ORDERED** that the Clerk shall **SERVE** a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents by certified mail.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE AND DOCKET** the motion for appointment of counsel (attach at docket #1).

**IT IS FURTHER ORDERED** that the motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this ORDER to file such proof he may have to demonstrate that the petition for writ of habeas corpus

///

///

///

1  was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the
2  time period.  If petitioner is unable to demonstrate that the petition for writ of habeas corpus was
3  filed within the limitations period, the Court will enter an order dismissing the petition.
4        DATED this 7th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4